UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

GEVOANNA KWASHEDA LEE,

Plaintiff,

vs.

EMPLOYEES OF UNION TOWNSHIP
MUNICIPAL COURT,

Defendant.

Civ. No. 2:17-4229-KM-JBC

OPINION

**KEVIN MCNULTY, U.S.D.J.:**

Ms. Gevoanna Kwasheda Lee asserts several claims against the Employees of the Union Township Municipal Court, alleging violations of the New Jersey constitution and several federal laws. Now before the court is the defendants' motion to dismiss the complaint. For the following reasons, the motion to dismiss is granted.

I. **BACKGROUND**[1]

A. **Factual History**

Ms. Gevoanna Kwasheda Lee ("Ms. Lee") sues Employees of the Union Township Municipal Court. She names specific employees—i.e., Adedeji J.

---

[1] The facts are stated with inferences drawn in favor of the plaintiff on this motion to dismiss. See Section II, infra. Moreover, a document filed pro se is "to be liberally construed," and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Estelle v. Gamble, 429 U.S. 97, 106 (1976) (internal quotation marks omitted). Citations to the record are abbreviated as follows:

"Compl." = Complaint (ECF No. 1, pp. 4-10)

"Lee Aff." = Ms. Lee's Affidavit of Truth/Claim for Relief (ECF No. 1, pp. 11-15)

1

Akere ("Akere"), Pat Nasta, and other Jane/John Doe employees for alleged violations of the New Jersey constitution and several federal laws. (Compl. ¶¶ 1-4). The chronology of Ms. Lee's complaint is not clearly presented. I attempt to organize the events in sequence.

Ms. Lee seems to have received a ticket for driving without a license. (Lee Aff. ¶¶ 1-3, 12-14). She received an accompanying notice to appear in Union Township Municipal Court because of the ticket. (Lee Aff. ¶¶ 12-14). She claims she did not consent to the Township's jurisdiction and did not sign her ticket. (Lee Aff. ¶¶ 12-14).

At the Municipal Court hearing, the judge allegedly told her, "these documents you get from the internet don't work." (Compl. ¶ 11). Ms. Lee said these comments were made in a mocking tone, she felt that the judge was not impartial, and she "did not feel safe." (Compl. ¶¶ 11-12). Ms. Lee said she did not attend her trial because of her negative experience at the hearing and because she would have to miss work. (Compl. ¶ 12). She also felt that "her affidavits or motions would not work in court." (Compl. ¶ 12).

The Municipal Court then issued a warrant for her arrest based on her failure to appear. (Lee Aff. ¶ 15). She allegedly received "threatening mail" requesting that she pay her bail and attend court. (Compl. ¶¶ 13-15, 19). Akere stopped Ms. Lee while she was driving based on the warrant for her arrest. (Lee Aff. ¶ 19). Akere allegedly requested her license, registration, and insurance "under the pretense of being a police officer." (Lee Aff. ¶¶ 16, 19).

Akere allegedly did not read the Miranda warning and removed Ms. Lee from her car. (Compl. ¶ 16). At the scene, an officer asked her "Do you know why you are being arrested?" and Ms. Lee responded, "No the arresting officer didn't mention such." (Compl. ¶ 17).

The officers took Ms. Lee to a holding cell "against her will and consent." (Compl. ¶ 16). The officers did not allow her to keep certain articles of clothing—i.e., she was allowed to keep either her hooded shirt or her jacket but apparently not both. (Compl. ¶ 18). She was then transferred from the holding

2

cell to Somerset County Jail until her brother arrived with bail money. (Compl. ¶ 18).

Ms. Lee claims that she "is by nature free to travel anywhere she pleases" without a driver's license, under the New Jersey constitution. (Lee Aff. ¶¶ 1-3). She states that she did not knowingly relinquish her rights by obtaining a driver's license. (Lee Aff. ¶¶ 1-3). Nor did she know that carrying a driver's license was necessary to drive on the highways for non-commercial uses. (Lee Aff. ¶¶ 10-11).

Ms. Lee asserts several causes of action against defendant under federal law and the New Jersey constitution:

- **Count One:** False impersonation of an officer under 18 U.S.C. § 912 (specifically naming Akere) (Compl. ¶ 16);
- **Count Two:** Deprivation / conspiracy against rights under 18 U.S.C. §§ 241-242 (Compl. ¶ 17);
- **Count Three:** Kidnapping under 18 U.S.C. § 1201(1)(2) (Compl. ¶ 18);
- **Count Four:** Neglect to prevent under 42 U.S.C. § 1986 (Compl. ¶ 19);
- **Count Five:** Obstructing justice and intimidating a party under 42 U.S.C. § 1985(2) (Compl. ¶ 20);
- **Count Six:** Violations of the New Jersey constitution, article 1, paragraphs 1, 2, 7, and 12 (Compl. ¶ 21);
- **Count Seven:** Extortion by officers or employees of the United States under 18 U.S.C. § 872 (Compl. ¶ 22).

Ms. Lee seeks compensatory damages, injunctive relief—i.e., "the present and future protection of her rights and notice that she does not travel for the purposes of commerce," the risk management bonds of the defendant, adjustments to the records to reflect her acceptance of all public officials' oaths of office, agent's fees and court costs, post-judgment interest, and any other relief she may be entitled to. (Compl. ¶¶ 23-26).

### B. Procedural History

Ms. Lee filed a notice of removal on June 9, 2017 and she was granted in forma pauperis status on June 16, 2017. (ECF Nos. 1, 2). Ms. Lee filed a motion for summary judgment on August 24, 2017, which was terminated on August 30, 2017 because of significant defects in the service of the complaint. (ECF No. 8). Defendants filed a motion to dismiss the complaint on October 2, 2017. (ECF No. 10). On January 18, 2018, Ms. Lee had not responded to that motion. (ECF No. 12). I filed an order to show cause requiring that Ms. Lee file an opposition within 21 days, with a motion to file out of time, and an explanation why her complaint should not be dismissed for lack of prosecution. (ECF No. 12). Ms. Lee submitted a "Judicial Notice of Adjudicative Facts," which was not responsive to the order to show cause. (ECF No. 13). I filed a second order to show cause on February 16, 2018. (ECF No. 14). Ms. Lee submitted a letter on March 19, 2018. (ECF No. 16). I will treat this as a response and evaluate the merits of defendant's motion to dismiss.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Animal Sci. Prods., Inc. v. China Minmetals Corp.*, 654 F.3d 462, 469 n.9 (3d Cir. 2011). For the purposes of a motion to dismiss, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *New Jersey Carpenters & the Trs. Thereof v. Tishman Constr. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014).

Federal Rule of Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the

complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570; *see also West Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank*, 712 F.3d 165, 169 (3d Cir. 2013). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' ... it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

## III. DISCUSSION

Ms. Lee fails to state a claim upon which relief can be granted. First, Ms. Lee cites several federal criminal laws that do not provide for a private right of action. Second, Ms. Lee does not state a cognizable claim under the New Jersey constitution. Third, Ms. Lee fails to plead facts suggesting a violation of 42 U.S.C. § 1985 or § 1986.

### A. Private Rights of Action

Counts one, two, three, and seven all assert causes of action under federal statutes that do not provide for a private right of action. Title 18 of the United States Code contains federal criminal statute which for the most part "do[] not create civil liability or a private right of action." *ManorCare of Easton PA LLC v. Estate of Nagy*, No. 12-cv-5957, 2017 WL 4347624, at *4-5 (E.D. Pa. Sept. 29, 2017) (citation omitted). A private party may not maintain suit under most provisions of Title 18. *Id.*

> Criminal statutes generally do not give rise to private rights of action:
>
> While it is possible in some cases for courts to imply private rights of actions into statutes not expressly providing for them, in recent decades the Supreme Court has "retreated from [its] previous willingness to imply a cause of action where Congress has not provided one." *Corr. Serv. Corp. v. Malesko*, 534 U.S. 61, 67 n.3, 122 S. Ct. 515, 151 L.Ed.2d 456 (2001). The Supreme Court has "responded cautiously to suggestions that [implied private rights of

5

> action] be extended into new contexts," even when declining to do so means that injuries would go unredressed. *See Schweiker v. Chilicky*, 487 U.S. 412, 425, 108 S. Ct. 2460, 101 L.Ed.2d 370 (1988). More specifically, in the criminal context, the Supreme Court has refused to imply a private right of action in "a bare criminal statute." *Cort v. Ash*, 422 U.S. 66, 79-80, 95 S. Ct. 2080, 45 L.Ed.2d 26 (1975).

*Prunté v. Universal Music Grp.*, 484 F. Supp. 2d 32, 42 (D.D.C. 2007); *see also Jones v. Sussex Corr. Inst.*, ___ F. App'x ___, 2017 WL 6015722, at *2 n.3 (3d Cir. Dec. 5, 2017).

Courts have held that there are no private rights of action under the particular federal criminal statutes cited by Ms. Lee. *See Frison v. Zebro*, 339 F.3d 994, 999 (8th Cir. 2003) ("There is nothing in the language of 18 U.S.C. § 912 to suggest that Congress intended to create a private right of action or a private remedy for a violation of its proscription against impersonating a United States officer. To the contrary, the statutory language establishes that Congress intended the statute to be enforced through the imposition of criminal penalties."); *Safarini v. Ashcroft*, ___ F. Supp. 3d ___, 2018 WL 278658, at *6 (D.D.C. Jan. 3, 2018) ("18 U.S.C. § 1201" [... does not] include[] a private right of action, and federal criminal statutes cannot be enforced through a *Bivens* action."); *Jones*, 2017 WL 6015722, at *2 n.3 (finding no private right of action under 18 U.S.C. §§ 241, 242); *Greenspan v. Work*, No. 91-cv-1036, 1991 WL 255373, at *5 n.2 (N.D.N.Y. Nov. 22, 1991) (stating that there is no private right of action under 18 U.S.C. § 872). These laws are enforceable by the government only and cannot be enforced by private litigants.

Therefore, counts one, two, three, and seven are dismissed for failure to state a claim.

### B. New Jersey Constitution Claims

Ms. Lee does not state a cognizable claim under the New Jersey constitution. Ms. Lee's right to interstate travel is not violated by requiring her to maintain a driver's license. As the Supreme Court has stated:

> The use of the public highways by motor vehicles, with its consequent dangers, renders the reasonableness and necessity of regulation apparent. The universal practice is to register ownership of automobiles and to license their drivers. Any appropriate means adopted by the states to insure competence and care on the part of its licensees and to protect others using the highway is consonant with due process.

*Reitz v. Mealey*, 314 U.S. 33, 36 (1941), *overruled in part by Perez v. Campbell*, 402 U.S. 637 (1971). In *Vix v. Brown*, for instance, the Ninth Circuit found that states may prohibit individuals from driving a motor vehicle without a valid driver's license and proof of financial responsibility. 951 F.2d 365, at *1 (9th Cir. 1991) (unpublished table opinion). This does not violate an individual's constitutional right to travel. *Id.*

The State also had the authority to arrest Ms. Lee for failing to appear at a court date. New Jersey law provides that individuals who fail to appear in court can be arrested:

> (g) Failure to Appear. In the absence of an adequate excuse, any person who fails to obey a personally served subpoena, as evidenced by an executed return of service, is subject to punishment for contempt of court. The court may issue a warrant for the arrest of the person subject to contempt as authorized by N.J.S.A. 2A:10-8.

N.J. Stat. Ann. § 7:7-8(g). This arrest was related to Ms. Lee's failure to appear at her hearing, which she admits. (Compl. ¶ 12; Lee Aff. ¶ 15). Ms. Lee has not provided a reason why the court could not compel her to appear at a hearing. Courts have the inherent power to enforce compliance with their lawful orders through civil contempt. *See Shillitani v. United States*, 384 U.S. 364, 370-71 (1966); *see also United States v. Bryan*, 339 U.S. 323, 330-31 (1950).

Furthermore, the judge who issued the order is immune from suit for issuing a warrant against Ms. Lee. Judges enjoy "a comparatively sweeping form of immunity" for official acts taken in their functional capacity as judges. *Mendoza v. Larotonda*, 270 F. App'x 157, 159 (3d Cir. 2008); *see also Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000) (holding that judges are

7

immune from suit for monetary damages arising from their judicial acts). The warrant for Ms. Lee's arrest was issued by the judge in the judge's official capacity. The judge therefore is entitled to judicial immunity. *See Mendoza*, 270 F. App'x at 159.

For those reasons, count six is dismissed for failure to state a claim.[2]

### C. Sufficient Factual Material

Ms. Lee's complaint asserts two more causes of action. Count five, which I will address first, is an action for the obstruction of justice and intimidation of a party under 42 U.S.C. § 1985(2). (Compl. ¶ 20). Count four is failure to prevent certain civil rights violations under 42 U.S.C. § 1986. (Compl. ¶ 19).

42 U.S.C. § 1985(2) prohibits the obstruction of justice or intimidation of a party, witness or juror. To state a claim under 42 U.S.C. § 1985(2), a plaintiff must allege four elements:

> (1) a conspiracy, (2) motivated by a racial or class-based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons of the equal protections of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States.

*Magnum v. Archdiocese of Phila.*, 253 F. App'x 224, 230 (3d. Cir. 2007) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971)). Ms. Lee has not adequately pled racial or class-based discrimination or a particular animus by the defendant. Ms. Lee does not identify the basis on which the defendant

---

2   Ms. Lee cites to several paragraphs of the New Jersey constitution. She cites to sections stating that "[a]ll persons are by nature free and independent ...," "[a]ll political power in inherent in the people," and that the citizens can recall elected officials. N.J. Const. art. I ¶¶ 1, 2. The allegations in her complaint do not suggest violations of these paragraphs.
   Ms. Lee also cites to parts of the New Jersey constitution that protect citizens from unreasonable searches and seizures, cruel and unusual punishment, and excessive fines and bails. N.J. Const. art. I ¶¶ 7, 12. Ms. Lee represents that she was allowed to keep only certain articles of clothing in jail, the government sent her letters to collect bail, and the government required bail to release her from jail. (Compl. ¶¶ 13-15, 18-19). These allegations do not suggest that Ms. Lee's constitutional rights were violated.

8

allegedly discriminated. Ms. Lee's complaint and affidavit also do not plead sufficient facts showing a conspiracy, an act in furtherance of the conspiracy, or an injury to her person or property. The facts she alleges do not show that individuals in the courthouse conspired to deprive her or a group of people of rights. Count five fails to state a claim.

42 U.S.C. § 1986 provides as follows:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case....

Section 1986 "constitutes an additional safeguard for those rights protected under 42 U.S.C. § 1985, and 'transgressions of § 1986 by definition depend on a preexisting violation of § 1985....'" *Clark v. Clabaugh*, 20 F.3d 1290, 1295 (3d Cir. 1994) (citing *Rogin v. Bensalem Township*, 616 F.2d 680, 696 (3d Cir. 1980)). Additionally, a section 1986 plaintiff must show that "(1) the defendant had actual knowledge of a § 1985 conspiracy, (2) the defendant had the power to prevent or aid in preventing the commission of a § 1985 violation, (3) the defendant neglected or refused to prevent a § 1985 conspiracy, and (4) a wrongful act was committed." *Clark*, 20 F.3d at 1295 (citations omitted). Because section 1986 liability is premised on an existing violation of section 1985, and I have already found that the complaint does not allege a section 1985 violation, no claim is stated under section 1986.

Count four, too, is dismissed.

### D. Miranda Warning

Although she does not assert it as part of any cause of action, Ms. Lee mentions that she was not issued a *Miranda* warning. (Compl. ¶ 16). "[A] mere failure to give *Miranda* warnings does not, by itself, violate a susepct's

9

constitutional rights or even the *Miranda* rule." *United States v. Patane*, 542 U.S. 630, 641 (2004). The *Miranda* warning protects the right protected by the Self-Incrimination Clause, which is "a fundamental *trial* right." *Id.* Potential violations of *Miranda* occur "only upon the admission of unwarned statements into evidence at trial. And, at that point, [t]he exclusion of unwarned statements ... is a complete and sufficient remedy" for any perceived *Miranda* violation. *Id.* (internal quotation marks omitted; citation omitted).

To the extent a cause of action for failure to administer *Miranda* warnings was intended, it must be dismissed for failure to state a claim.

### IV. CONCLUSION

For the foregoing reasons, Ms. Lee fails to state a claim against the defendants. Defendants' motion to dismiss is granted without prejudice to the filing, within 30 days, of an amended complaint that remedies the deficiencies identified here.

An appropriate order accompanies this opinion.

Dated: March 28, 2018

**KEVIN MCNULTY**
**United States District Judge**